**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **WENDY TIPPITT as the administrator of the estate of Timothy Michael Randall**<br><br>                              Plaintiff,<br><br>vs.<br><br>**SERGEANT SHANE IVERSON, UNKNOWN OFFICER** and **COUNTY OF RUSK TEXAS**<br><br>                              Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br> **CIVIL ACTION NO.**_____<br><br>**JURY DEMANDED** |

## COMPLAINT

Plaintiff, Wendy Tippitt as administrator of the estate of Timothy Michael Randall, by way of Complaint against defendants says:

### PARTIES

1. Decedent Timothy Michael Randall was at all times relevant to this complaint a resident of Henderson, Texas. He was shot and killed by defendant at the age of 29 on April 5, 2015.

2. Plaintiff Wendy Tippett, the mother of Timothy Michael Randall, was appointed as the Administrator of the Estate of Timothy Michael Randall by the Rusk County District Court on September 27, 2023. She brings this action in her capacity as Administrator of the Estate and for the benefit of Timothy Michael Randall's heirs.

3. Defendant, Rusk County, was and still is a domestic municipal corporation duly organized and existing under and by virtue of the laws of the State of Texas, with a principal place of business in Rusk County Texas located at 115 North Main Street, Henderson, TX. 75652.

4. Defendants, Sergeant Shane Iverson and Unknown Officer, were at all times relevant employees of the defendant, Rusk County.  At all times herein mentioned, defendants Iverson and Unknown Officer, were acting under the color of law and their individual capacity as police officers of the defendant, Rusk County. Defendant Seargeant Shane Iverson is a resident of Rusk County Texas and can be served with process at 210 West Charlevoix, Henderson, Texas 75652.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over the lawsuit because the action arises under the Laws and Constitution of the United States, in particular, the Fourth Amendment and 42 U.S.C.A. § 1983.

6. Plaintiff/Decedent, Timothy Michael Randall, was deprived of his rights secured to him under the Constitution and the laws of the United States including, but not limited to, his right to be secure in his person and property and be free from unlawful arrests, seizures and excessive force, when no probable cause exists.

7. Plaintiff/Decedent, Timothy Michael Randall, was detained without probable cause. While being subjected to these violations, he suffered assaults and sustained severe and permanent injuries to his person including death.

8. Plaintiff/Decedent, Timothy Michael Randall, was falsely detained and arrested without probable cause and was maliciously shot and killed without any cause or legal justification.

9. The Court has supplemental jurisdiction under  28 U.S.C § 1367 over plaintiff's claims arising under State law, including but not limited to violations of his State rights against defendants for, excessive force, assault, battery, wrongful death and intentional infliction

of emotional distress because these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as the claims at issue arose in this judicial district.

## COMPLAINT
## GENERAL ALLEGATIONS

11. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

12. On or about September 14, 2022, at approximately 12:30am on Highway 64 East and County Road 4125 in Valdez Texas, Timothy Michael Randall (hereinafter referred to as "Randall") was pulled over by defendant Shane Iverson (hereinafter referred to as "Iverson") for a traffic violation for not fully stopping at a flashing red stop sign.

13. When Randall pulled his vehicle over, he immediately called his mother, plaintiff Wendy Tippett (hereinafter referred to as "Tippett"), as Randall was concerned that his temporary paper license plate from Oklahoma was expired.

14.  Tippitt told her son, Randall, that she would drive over to the scene of the traffic stop since she was only three to five minutes away and would give him a ride home if his vehicle was confiscated.

15. At no time was Randall ever armed with a weapon during the above mentioned traffic stop.

16. At some time during the traffic stop defendant Iverson, without any probable cause whatsoever, ordered Randall out of his vehicle.

17. At some point after ordering plaintiff out of his vehicle, defendant Iverson then illegally pulled plaintiff out of his vehicle to which plaintiff verbally protested.

18. While illegally trying to handcuff plaintiff without warning or justification, defendant Iverson then assaulted the plaintiff by shooting plaintiff when plaintiff posed absolutely no threat to defendant Iverson, was unarmed and had not engaged in any criminal conduct.

19. Plaintiff was shot in his chest under the arm by defendant Iverson and died at the scene of the shooting.

### COUNT I
### PLAINTIFF WENDY TIPPETT VS. SERGEANT SHANE IVERSON AND UNKNOWN OFFICER
### THE RIGHT OF PEOPLE TO BE SECURE IN THEIR PERSONS UNDER THE 4th AMENDMENT OF THE UNITED STATES CONSTITUTION
### EXCESSIVE FORCE, FALSE DETENTION and FALSE ARREST UNDER SECTION 1983, OF THE CIVIL RIGHTS ACT

20. The allegations contained above are incorporated herein as though fully set forth.

21. The above described actions of defendants' on September 14, 2022, constitute violations of plaintiff's constitutionally protected right to be secure in his person as provided by the 4th Amendment of the United States Constitution.

22. The arrest, detention and killing of Randall, by defendants were carried out unlawfully, intentionally and maliciously, without just or probable cause, for the express purpose of trying to justify the illegal excessive force and false arrest of Randall.

23. The arrest, detention and killing of Randall by defendants violated his rights under the United States Constitution and the Laws of the State of Texas.

24. The actions of defendants as police officers were committed under color of law and authority of defendant Rusk County and its police department, and while acting in their individual capacity as police officers.

25. The actions or inactions of the defendant police officers recklessly disregarded and therefore deprived Randall of his rights under the Laws and Constitution of the United States, in particular, the Fourth Amendment and 42 U.S.C.A. § 1983, including but not limited to the right to be secure in this person, to be free from unlawful seizures, arrests and excessive use of force.

### COUNT II
### PLAINTIFF WENDY TIPPETT VS. RUSK COUNTY
### FAILURE TO TRAIN, SUPERVISE AND DISCIPLINE DEFENDANTS WILLIAM MURPHY AND UNKNOWN OFFICER UNDER SECTION 1983, OF THE CIVIL RIGHTS ACT AND "MONELL"

26. The foregoing paragraphs are incorporated in this Count but will not be restated for the sake of brevity.

27. Defendant, Rusk County and its police department, as a matter of policy and practice failed to discipline, train, supervise or otherwise sanction police officers Shane Iverson and Unknown Officer who have violated the rights of citizens by illegally arresting citizens without probable cause, including Randall's, thus encouraging defendants Sergeant Iverson and Unknown officer in this case to engage in assaulting citizens of the City of Chester by shooting and killing Randall.

28. Defendant, Rusk County and its police department as a further matter of policy and practice failed to train properly its police officers Sergeant Shane Iverson and Unknown Officer, with respect to the constitutional, statutory and departmental limits of their authority including refraining from assaulting citizens of the Rusk County by killing them.

29. The defendant, Rusk County and its Police Department were on actual notice of a need to train, supervise, discipline or terminate defendant officer Iverson and other unknown officer, prior to the incident in question, as other similar incidents of assaulting citizens have occurred in the past involving defendants Sergeant Iverson and Unknown officer.

30. It is averred that defendant Iverson was fired from the Dallas Police Department before he was employed by the Rusk County Police Department. It is further averred that Iverson's termination from the Dallas Police Department was due to his numerous violations of misconduct as a police officer including excessive force and illegal arrests of Dallas citizens.

**COUNT III**
**PLAINTIFF WENDY TIPPETT VS. SERGEANT SHANE IVERSON AND UNKNOWN OFFICER**
**ASSAULT AND BATTERY**

31. The foregoing paragraphs are incorporated in this Count but will not be restated for the sake of brevity.

32. The above described illegal detention, arrest and killing of Randall, constitutes an assault and battery by defendants Iverson and Unknown Officer, as a result of which Randall was physically injured and killed as well as sustaining severe and significant emotional distress before and during his death.

**COUNT IV**
**PLAINTIFF WENDY TIPPETT VS. SERGEANT SHANE IVERSON AND UNKNOWN OFFICER**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

33. The allegations contained above are incorporated herein as though fully set forth.

34. The above described illegal detention, arrest and killing of Randall constitutes an assault and battery by defendants Iverson and Unknown Officer, as a result of which plaintiff

was injured and sustained severe and significant emotional distress while he was being
assaulted and left to die after he was illegally shot by defendant Iverson.

**COUNT V**
**PLAINTIFF WENDY TIPPETT VS. SERGEANT SHANE IVERSON AND UNKNOWN OFFICER**
**WRONGFUL DEATH AND SURVIVAL ACTIONS**

35. The allegations contained above are incorporated herein as though fully set forth.

36. Plaintiff, as Administrator of the Estate of Timothy Michael Randall and as his parent,
brings this action on behalf of Timothy Michael Randall's heirs under the Texas
Wrongful Death Act, Texas Civil Practice and Remedies Code Section 71.001 et seq.

37. Wendy Tippett may bring this action for the plaintiff in this action under Texas Civil
Practice and Remedies Code Section 71.004 as the parent of Timothy Michael Randall.

38. Randall's mother has, by reason of Randall's death, suffered pecuniary loss, and have or
will incur expenses for the costs of Randall's funeral, the costs of Randall's headstone,
and the costs of administering Randall's estate.

39. Randall's mother has, by reason of Randall's death, suffered further pecuniary loss
including expected contributions and financial support from Mr. Randall for food,
clothing, shelter, medical care, education, entertainment, recreation and gifts.

40. Plaintiff also brings this action on behalf of the Estate of Timothy Michael Randall under
the Texas Survival Statute under which all claims Randall would have able to bring had
he survived, may be brought by Randall's estate.

41. Randall's estate has, by reason of Randall's death, suffered pecuniary loss, and has or
will incur expenses for the costs of Randall's funeral, the costs of Mr Randall's headstone,
and the costs of administering Mr. Randall's estate.

42. As a direct and proximate result of the conduct of all defendants, Randall experienced extraordinary physical and emotional pain and suffering before her death, and, as a result of her death, suffered complete loss of earnings and earnings capacity.

43. Plaintiff, via this survival action, seeks damages for these harms caused to Randall, including punitive damages for the outrageous, wanton, reckless, and callous conduct of defendants as set forth above.

### PLAINTIFF WENDY TIPPETT VS. SERGEANT SHANE IVERSON, UNKNOWN OFFICER and RUSK COUNTY
### DAMAGES

44. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

45. As a direct and proximate result of the defendants' conduct, Randall suffered physical pain and suffering, severe mental anguish and was deprived of his Constitutional Rights as aforementioned, and was otherwise damaged.

### ATTORNEY FEES

46. It was necessary for plaintiff to hire the undersigned attorney to file this lawsuit. Upon judgment, plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988 (b).

### PLAINTIFF'S DEMAND FOR JURY TRIAL

47. Plaintiff asserts her rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with the Federal Rule 38, a trial by jury on all issues.

### PRAYER

48. The above paragraphs are repeated and incorporate herein by reference as if set   forth in full.

49. Plaintiff demands judgment against defendants Iverson and Unknown Officer individually, jointly and/or in the alternative for: compensatory damages, punitive damages, attorney fees, interest and costs of suit and such relief as the Court may deem just and equitable.

50. Plaintiff demands judgment against defendant, Rusk County, jointly and/or in the alternative for: compensatory damages, attorney fees, interest and costs of suit and such relief as the Court may deem just and equitable.

Respectfully submitted,

/s/ Timothy David Craig
TIMOTHY DAVID CRAIG
State Bar No.24045716
STUCKEY & GARRIGAN LAW OFFICES, P.L.L.C.
 2803 North Street Suite C
Nacogdoches, Texas 75965
Phone: 936-560-6020
Fax: 936-560-9578
timothykraig@gmail.com

**ATTORNEY FOR PLAINTIFF WENDY TIPPITT**