IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| WENDY TIPPITT, individually and as administrator of the estate of Timothy Michael Randall, <br><br> Plaintiff, <br><br> v. <br><br> SHAN IVERSON, UNKNOWN OFFICER, & RUSK COUNTY, <br><br> Defendants. | § § § § § § § § § § § § CIVIL ACTION NO. 6:23-CV-00515-JDK-JDL |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Wendy Tippitt, individually and as administrator of the estate of Timothy Michael Randall ("Decedent"), filed this civil action against Defendants Shane Iverson, Unknown Officer, and Rusk County pursuant to 42 U.S.C. § 1983, alleging violations of Decedent's constitutional rights during a traffic stop which resulted in Decedent's death. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case. Before the court is Defendant Rusk County's motion to dismiss filed on December 4, 2023. (Doc. No. 4.) Plaintiff filed a response (Doc. No. 8) to which Rusk County filed a reply (Doc. No. 9). For the reasons set forth herein, the court **RECOMMENDS** that Defendant's motion be **GRANTED**. The court **FURTHER RECOMMENDS**, however, that Plaintiff be granted leave to amend her complaint to cure the deficiencies discussed herein.

1

## BACKGROUND

### I. Plaintiff's Complaint

Plaintiff's complaint alleges that on or about September 14, 2022, Decedent was pulled over by Sergeant Shane Iverson with the Rusk County Sheriff's Department for failing to stop at a stop sign. (Doc. No. 1, at 3.) At some point during the traffic stop, Iverson ordered Decedent out of the vehicle "without any probable cause whatsoever." *Id.* When Decedent verbally protested, Iverson physically pulled him out of the vehicle and attempted to handcuff him. *Id.* at 4. Plaintiff further alleges that "[w]hile illegally trying to handcuff [Decedent] without warning or justification, defendant Iverson then assaulted [Decedent] by shooting [him] when [Decedent] posed absolutely no threat to defendant Iverson, was unarmed and had not engaged in any criminal conduct." *Id.* Defendant Iverson shot Decedent in the chest and arm. *Id.* Decedent died at the scene of the shooting. *Id.*

Plaintiff sues Rusk County under 28 U.S.C.§ 1983 for failure to train, supervise, and discipline Defendants Iverson and Unknown Officer. *Id.* at 5–6. Specifically, Plaintiff's complaint alleges that Rusk County, as a matter of policy, failed to properly train, supervise, and discipline Officer Iverson and Unknown Officer regarding the "constitutional, statutory, and departmental limits of their authority," and that this failure ultimately encouraged Defendant Officers to arrest and assault citizens without probable cause, including shooting and killing Decedent. *Id.* at 5. Plaintiff claims that Rusk County was on actual notice of the training deficiency because Officer Iverson and Unknown Officer were allegedly involved in similar prior incidents. *Id.* Plaintiff seeks relief in the form of unspecified compensatory and punitive damages, attorney's fees, interest and costs of suit, and other such relief as the court deems just and equitable. *Id.* at 9.

## II. Defendant Rusk County's Motion to Dismiss

Defendant Rusk County moves to dismiss Plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (Doc. No. 4).[1] Specifically, Rusk County argues that Plaintiff's complaint fails to identify a county policy or custom that resulted in the alleged deprivation of Decedent's rights. *Id.*

In her response to the motion to dismiss, Plaintiff reiterates that Rusk County was on notice of Defendant Officers' propensity for improper use of force based similar prior incidents. (Doc. No. 8, at 4.) Plaintiff asserts that Rusk County's conduct in hiring and failing to properly train or supervise Defendant Officers, despite being aware of their propensities for excessive force, amounted to a county policy or custom of deliberate indifference to Decedents rights and was causally connected to his death. *Id.* at 5.

## LEGAL STANDARD

When a defendant files a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the trial court must assess whether a complaint states a plausible claim for relief. *See Raj v. Louisiana State Univ.*, 714 F.3d 322, 329–30 (5th Cir. 2013) (citing *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012)). Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). The Supreme court clarified the standards that apply in a motion to dismiss for failure to state a claim in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. at 555. The court does "not require heightened fact pleading of specifics, but only enough facts to

---

[1] Rusk County's motion to dismiss also moved to dismiss Plaintiff's complaint under Rule 12(b)(5) for insufficient service of process. (Doc. No. 4.) However, Rusk County later withdrew its motion on that basis after Plaintiff perfected service on Rusk County and filed the return of service. *See* Doc. Nos. 6, 9.

3

state a claim to relief that is plausible on its face." *Id*. at 570. A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible." *Id.* The distinction between merely being possible and plausible was reiterated by the court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Federal Rule of Civil Procedure 8(a) does not require "detailed factual allegations[,] but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice; nor does a complaint which provides only "naked assertions" that are "devoid of further factual enhancement." *Id.* Courts need not accept legal conclusions as true, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are not sufficient. *Id*.

A plaintiff meets this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A complaint may be dismissed if a plaintiff fails to "nudge [his] claims . . . across the line from conceivable to plausible," or if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability. *Id*.; *see also Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006).

## DISCUSSION

### I. Failure to Train or Supervise

Rusk County argues that Plaintiff's complaint fails to state a claim for relief under § 1983 because Plaintiff has not identified a county policy or custom that resulted in the alleged deprivation of Decedent's rights. Counties and other local governments are subject to liability under 42 U.S.C. § 1983 for violating an individual's constitutional rights. *See Monell v. Dep't of*

4

*Soc. Servs.*, 436 U.S. 658, 690 (1978). However, the Supreme Court has consistently held that § 1983 cannot be used to hold local governments vicariously liable for an employee's illegal acts. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Rather, to establish liability under § 1983, a plaintiff must point to a county's own illegal conduct, meaning—an action pursuant to official county policy or custom which resulted in the deprivation of a federally protected right. *Hutcheson v. Dallas Cnty.*, 994 F.3d 477, 482 (5th Cir. 2021).

"The failure to train [or supervise] can amount to a policy if there is deliberate indifference to an obvious need for training where citizens are likely to lose their constitutional rights on account of novices in law enforcement." *Peterson v. City of Fort Worth*, 588 F.3d 838, 849 (5th Cir. 2009). To establish a failure-to-train claim, a plaintiff must prove that "(1) the city failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Hutcheson*, 994 F.3d at 482 (quoting *Pena v. City of Rio Grande*, 879 F.3d 613, 623 (5th Cir. 2018)).

"Deliberate indifference is a high standard" for which "a showing of simple or even heightened negligence will not suffice." *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001)). In *Canton*, the Supreme Court described two ways a plaintiff can typically prove deliberate indifference. First, a plaintiff can show that the need for further training was "plainly obvious" based on a pattern of similar constitutional violations. *Littell v. Houston Indep. Sch. Dist.*, 894 F.3d 616, 624 (5th Cir. 2018) (citing *City of Canton v. Harris*, 489 U.S. 378, 390 n.10 (1989)). Alternatively, a plaintiff can establish deliberate indifference based on a single incident, but the single-incident exception

is exceedingly narrow. *Valle*, 613 F.3d at 549. It requires proof that "the highly predictable consequence of a failure to train would result in the specific injury suffered[.]" *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010). To be "highly predictable" the county must have wholly failed to train its officers regarding "a clear constitutional duty implicated in recurrent situations that a particular employee is certain to face." *See Littell*, 894 F.3d at 624 (citation omitted); *see also Pena*, 879 F.3d at 624 (stating the single-incident exception "is generally reserved for those cases in which the government actor was provided *no training whatsoever*") (emphasis added).

Here, Plaintiff's complaint alleges that Rusk County, as a matter of policy, failed to properly train, supervise, and discipline Officer Iverson and Unknown Officer regarding the "constitutional, statutory, and departmental limits of their authority," and that this failure ultimately encouraged Iverson and Unknown Officer to arrest and assault citizens without probable cause, including shooting and killing Decedent. (Doc. No. 1, at 5.) However, Plaintiff has not alleged any facts suggesting that the County's training regimen for arrests or use of force is in any way deficient. To succeed on a failure-to-train theory, "[d]efects in a particular training program must be specifically alleged." *Quinn v. Guerrero*, 863 F.3d 353, 365 (5th Cir. 2017) (citing *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005)). The court does not expect Plaintiff to know or have access to specific details about Rusk County's internal training procedures at this stage. *See Thomas v. City of Galveston*, 800 F. Supp. 2d 826, 842–43 (S.D. Tex. 2011) (courts should only require minimal factual allegations about training programs prior to discovery). But merely alleging that a policy or custom exists, without any factual support, is insufficient to state a claim under § 1983. *Pinedo v. City of Dallas*, No. 3:14-CV-0958-D, 2015 WL 221085, at *6 (N.D. Tex. Jan. 15, 2015).

Moreover, Plaintiff has not adequately alleged a pattern of similar constitutional violations. Plaintiff generally claims that Officer Iverson and Unknown Officer have been involved in similar prior incidents of unlawful arrest and excessive force, but Plaintiff does not provide any facts about these prior incidents.[2] Without such information, the court cannot determine whether the prior incidents are sufficiently similar to this case. *See Pinedo*, 2015 WL 221085, at *6. As such, Plaintiff cannot show that it was "plainly obvious" based on these prior incidents that Defendant Officers would commit the constitutional violations alleged here. *See Littell*, 894 F.3d at 624. Further, Plaintiff's allegations are also insufficient to trigger the single-incident exception. Nowhere in the complaint does Plaintiff allege facts suggesting that Rusk County provided "no training whatsoever" on use of force or lawful arrests. *See Hutcheson*, 994 F.3d at 482. Accordingly, Plaintiff has failed to plead sufficient facts to state a claim against Rusk County for failure to train or supervise Defendant Officers. *See* Fed. R. Civ. P. 12(b)(6).

Additionally, to the extent that Plaintiff's response to the motion to dismiss suggests that Rusk County was deliberately indifferent in the initial hiring and retention of Defendant Officers, such a claim is not stated in the complaint and is therefore not properly before the court. *See Fulgham v. Comm'r Soc. Sec.*, No. 6:21-cv-00017-JCB (E.D. Tex. Oct. 28, 2021) (Doc No. 19) ("Plaintiff's complaint alleges no violations of due process and that issue is therefore not properly before the court."). Regardless, Plaintiff has not alleged any facts suggesting that hiring Defendant Officers amounted to deliberate indifference to a high risk that they would carry out the particular constitutional violations alleged here. *See Brown*, 520 U.S. at 415–16. Accordingly, Plaintiff's

---

[2] Plaintiff does mention that Defendant Iverson was previously involved in several instances of excessive force while working as a police officer for the Dallas Police Department. But, again, the complaint does not provide any details about these prior incidents. *See* Doc. No. 1, at 6.

complaint fails to state a claim against Rusk County for deliberate indifference in hiring Defendant Officers. *See* Fed. R. Civ. P. 12(b)(6).

## II. Leave to Amend

Although Plaintiff has not requested leave to amend her complaint and the period in which to do so as a matter of course has expired, the court recommends that she be given leave to amend her complaint to attempt to cure the deficiencies discussed above. Rule 15(a)(2) permits a party to amend pleadings only with leave of court or a defendant's written consent. Leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend, however, is by no means automatic. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). "[T]he decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Id.* In considering whether to grant a plaintiff's request for leave to amend a complaint, the court may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

Here, there would be no undue delay or prejudice as Defendant Iverson only recently filed his motion to dismiss on January 3, 2024, Unknown Officer has not yet been identified or otherwise entered an appearance in this case, and there have been no prior requests for leave to amend. Further, it is plausible that the deficiencies discussed above could be cured with additional factual allegations. Thus, the court recommends that Plaintiff be granted leave to amend.

**CONCLUSION**

For the reasons stated above, the court **RECOMMENDS** that Defendant's motion to dismiss (Doc. No. 4) be **GRANTED**. The court **FURTHER RECOMMENDS**, however, that Plaintiff be granted leave to amend her complaint to cure the deficiencies discussed herein.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within 14 days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 2nd day of February, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE