# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| WENDY TIPPITT, AS THE ADMINISTRATOR OF THE ESTATE OF TIMOTHY MICHAEL RANDALL;<br><br>**Plaintiff,**<br><br>v.<br><br>SERGEANT SHANE IVERSEN, UNKNOWN OFFICER, RUSK COUNTY, TEXAS,<br><br>**Defendants.** | CIVIL ACTION NO. 6:23-CV-00515-JDK |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Sergeant Shane Iversen's motion to limit discovery to the issue of qualified immunity. (Doc. No. 32.) Plaintiff filed a response in opposition (Doc. No. 36) to which Defendant filed a reply (Doc. No. 39). The court held a hearing on the motion on June 20, 2024. As set forth herein, the court **GRANTS** Defendant's motion (Doc. No. 32).

## BACKGROUND

Plaintiff Wendy Tippitt filed this action on behalf of her deceased son, Timothy Randall, against Defendants Iversen and Unknown Officer pursuant to 42 U.S.C. § 1983 for unlawful arrest and excessive force during a traffic stop that resulted in Mr. Randall's death. (Doc. No. 1.) Thereafter, Defendant Iversen filed a motion to dismiss asserting the defense of qualified immunity. (Doc. No. 11.) The court granted the motion with respect to Plaintiff's § 1983 claim for unlawful detention and denied the motion as to Plaintiff's § 1983 claims for unlawful arrest and excessive use of force. (Doc. Nos. 15, 18.) Defendant did not immediately appeal the court's ruling on qualified immunity at the pleading stage and instead filed the instant motion to limit discovery

1

to the issue of qualified immunity. (Doc. No. 32.) The matter has been fully briefed, and the court held a hearing on the issue of whether an abbreviated scheduling order should be issued, limiting discovery to qualified immunity.

## DISCUSSION

Qualified immunity means immunity from suit, not just immunity from liability. *Pearson v. Callahan*, 555 U.S. 223, 237 (2009). Accordingly, the Fifth Circuit has held that a defendant's entitlement to qualified immunity should be determined at the earliest possible stage of litigation. *Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022). To ensure defendants are not burdened by pretrial discovery after invoking this defense, a district court may "ban discovery at ... [the] pleading stage and may limit any necessary discovery to the defense of qualified immunity." *Backe v. LeBlanc*, 691 F.3d 645, 648–49 (5th Cir. 2012). It is appropriate to limit discovery to the qualified immunity issue if: (1) resolution of that issue turns on disputed facts; and (2) the court requires further clarification to resolve those factual disputes. *Lion Boulos v. Wilson*, 834 F.2d 504, 507–08 (5th Cir. 1987).

In this case, the parties have presented the video footage from Sergeant Iversen's dash camera and body camera to aid in the court's resolution of the issue to limit discovery. Plaintiff maintains that the court need not look beyond the videos to resolve the issue of qualified immunity because the videos plainly show that Sergeant Iversen is not entitled to qualified immunity. Accordingly, Plaintiff contends that the court should deny Defendant's motion. Defendant maintains that in order to resolve the issue of qualified immunity, the court must also know what Sergeant Iversen knew at the time of the use of force. Defendant further contends that expert testimony would be useful to the court's resolution of the issue of qualified immunity.

Public officials are entitled to qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." *Jennings v. Patton*, 644 F.3d 297, 300 (5th Cir. 2011) (quoting *Pearson v. Callahan*, 555 U.S. 223 (2009)). The court has already determined that Plaintiff has pleaded sufficient facts to plausibly overcome the defense of qualified immunity as to Plaintiff's claims for unlawful arrest and excessive use of force. The court now has the benefit of the video footage which provides direct evidence of what actually occurred with respect to Plaintiff's claims. The court agrees that the video goes a long way towards resolving the issue of qualified immunity, and indeed it is this court's duty to resolve that issue at the earliest opportunity. *Carswell*, 54 F.4th at 310. If the court can resolve the issue solely based upon the video footage, then it would be appropriate for the court to deny Defendant's motion. But, where resolution of that issue turns on disputed facts and the court requires further clarification to resolve those factual disputes, discovery should be limited. *Lion Boulos*, 834 F.2d at 507–08.

Here, the question before the court regarding qualified immunity turns largely on whether Defendant Iversen's use of force in discharging his weapon and killing Mr. Randall was a reasonable use of force under the circumstances. *See Hamilton v. Kindred*, 845 F.3d 659, 662 (5th Cir. 2017). At the hearing, Plaintiff's counsel argued that the use of force was excessive to the need and objectively unreasonable because the video shows Mr. Randall stating that he was unarmed, getting thrown to the ground by Officer Iversen, and getting fatally shot by Officer Iversen as he was attempting to flee. Defendant's counsel argued that it has been, and remains to be, Defendant Iversen's position that he felt what he believed to be a weapon on Mr. Randall, which turned out to be a methamphetamine pipe. Plaintiff's counsel disputes that there is any evidence that a methamphetamine pipe was recovered from Mr. Randall. This resolution of the issue of qualified

immunity turns on this factual dispute because the reasonableness of the use of force inevitably turns on whether Sergeant Iversen perceived that Mr. Randall was armed. *See Valencia v. Davis*, 836 F. App'x 292, 299 (5th Cir. 2020) (discussing excessive force cases in the context of resolving the issue of qualified immunity based upon whether an officer perceived that a suspect was armed). At present, the court does not have the benefit of the full record before it on this point and indeed is in need of further clarification to resolve this dispute—namely whether there is any evidence that drugs, drug paraphernalia, or any other items were recovered from the scene. Thus, in order for the court to resolve the issue of qualified immunity at the earliest stage possible, the court agrees that a truncated discovery period related to this issue is appropriate. *See Asante-Chioke v. Dowdle*, No. 23-30694, 2024 WL 2842206, at *5 (5th Cir. June 5, 2024) (remanding and directing the district court to limit discovery to uncover only the facts necessary to rule on qualified immunity in a case where decedent was shot thirty-six times by officers).

Defendant has proposed a relatively short period of time to complete this discovery and put the issue before the court. Plaintiff does not oppose Defendant's proposed dates. Plaintiff has raised the desire to amend the complaint and the court has set a separate deadline to consider amendment, which will be taken up accordingly. At present, the court finds it appropriate to proceed with a limited schedule on the claims presently before it.

## CONCLUSION

Accordingly, Defendant's motion to limit discovery to the issue of qualified immunity (Doc. No. 32) is **GRANTED**. The court sets the following abbreviated schedule in this matter:

| | |
|---|---|
| **September 9, 2024** | Fact Discovery Deadline (as to qualified immunity) |
| **September 9, 2024** | Plaintiff's Expert Witness Report Deadline (limited to qualified immunity) |
| **September 23, 2024** | Defendant's Expert Report Deadline (limited to qualified immunity) |

| November 18, 2024 | Dispositive Motion Deadline. Deadline to file a motion for summary judgment limited to the issue of qualified immunity. Motions shall comply with Local Rule CV-56 and Local Rule CV-7. Motions to extend page limits will only be granted in exceptional circumstances. |

Any request to modify the deadlines set forth herein shall be made by motion to the court.

**So ORDERED and SIGNED this 24th day of June, 2024.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE