IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| WENDY TIPPITT, individually and as administrator of the estate of Timothy Michael Randall,<br><br>Plaintiff,<br><br>v.<br><br>SHANE IVERSEN, UNKNOWN OFFICER, & RUSK COUNTY,<br><br>Defendants. | CIVIL ACTION NO. 6:23-CV-00515-JDK-JDL |

## ORDER

Before the court is Defendant Iversen's motion for protective order (Doc. No. 29) concerning police dash-camera and body-camera footage of the arrest and shooting of Decedent Timothy Randall by Defendant Iversen. The court held a hearing on the motion on June 20, 2024. Upon consideration, Defendant Iversen's motion for protective order (Doc. No. 29) is **DENIED**.

## BACKGROUND

### I. Defendant's Motion for Protective Order

Defendant's motion seeks to modify the court's standard protective order as follows:

1. Designating any body or dash-cam videos of the incident, including photos, screenshots, and any other documents/recordings marked as confidential by the parties as "confidential information" subject to the protective order.

2. A statement that the potential security risk to the parties and others is a basis for potential harm from public disclosure.

3. Defining "protected documents" to include the video recordings of the incident.

4. Including expert witnesses and investigators in the definition of qualified persons to whom the protected materials may be disclosed.

1

5. Requiring that exhibits to depositions or filings which contain protected materials be subject to the protective order and be filed under seal.
6. Prohibiting the posting of protected materials on the internet.

(Doc. No. 29, at 5–6.)

In support of the motion, Defendant asserts that if a protective order is not put in place prohibiting the dissemination of the body and dash-cam videos, Plaintiff will be able to upload the videos to the internet. The images will be instantly visible to anyone in the world and can be manipulated, shared, and commented on, including personally identifiable information of the parties and others in the video. (Doc. No. 29, at 1–2.) Defendant asserts that public disclosure poses the risk of creating an unfair trial and prejudicing potential jurors who see the video online or through local news media. *Id.* at 3. Further, Defendant argues that public disclosure poses a serious risk to officer safety, as a member of the public might decide to take the law into their own hands. (Doc. No. 38, at 2.) Defendant argues that the public's interest in access is already satisfied without the videos because local news media have already reported on Mr. Randall's death and Rusk County has filed a publicly available death report of the incident with the Texas Attorney General. (Doc. No. 29, at 4.) Last, Defendant contends Plaintiff would not be burdened by the requested protective order because Plaintiff would not be prohibited from using the videos for any litigation-related purposes. *Id.* at 4–5.

## II.     Plaintiff's Response

In response, Plaintiff contends that the public has an interest in access to judicial records, and the videos that Defendant seeks to suppress are of heightened public interest because the videos depict Defendant acting pursuant to his duties as a public official. (Doc. No. 35, at 3.) Plaintiff objects to Defendant's concerns about the potential harm from disclosure because Defendant has not presented any specific facts about threats to Defendant Iversen personally. *Id.*

Plaintiff argues that because the videos show members of law enforcement acting in their official capacity, the public's interest in scrutinizing their conduct outweighs their privacy concerns. *Id.* at 4. Further, Plaintiff argues that Defendant has not offered any evidence that making the videos publicly available will prejudice the jury pool, and any risk of prejudicing the jury pool is outweighed by the public's interest in access to judicial records. *Id.*

## ANALYSIS

Federal Rule of Civil Procedure 26(c)(1) states that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." However, Defendant moves not only for a protective order, but also to have all protected materials as defined in the protective order—including the videos—filed under seal. The sealing of documents implicates the common law right of access to judicial proceedings and records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 599, 597–98 (1978); *S.E.C. v. Van Waeyenberghe et al.*, 990 F.2d 845, 848 (5th Cir. 1993). This right creates a "strong presumption that all trial proceedings should be subject to scrutiny by the public." *United States v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010). Further, the public has a particular interest in access to cases involving matters of public safety and use of force policies of local law enforcement. *Carnaby v. City of Houston*, No. CIV.A.4:08-CV-1366, 2008 WL 4546606, at *2 (S.D. Tex. Oct. 10, 2008); *see also Gutierrez v. Benavides*, 292 F.R.D. 401, 404–05 (S.D. Tex. 2013).

However, the public's common law right is not absolute. It is the court's duty to balance the public's common law right of access against the interests favoring nondisclosure. *Nixon*, 435 U.S. at 602; *Belo Broad . Corp. v. Clark* , 654 F.2d 423, 432 (5th Cir. 1981). A showing of "good cause" is not sufficient to warrant the automatic sealing of court documents; "[t]he party seeking to seal court documents has the burden of establishing that the presumption of public records

3

should be overcome." *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-01047-WCB, 2015 WL 1406259, at *2 (E.D. Tex. Mar. 26, 2015). To make this showing, the movant "must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* (citing *In re Terra Int'l, Inc.,* 134 F.3d 302, 306 (5th Cir. 1998)).

Defendant first argues that a protective order is necessary to protect Defendant Iversen's safety. However, Defendant has not provided any specific examples through affidavits, online commentary, or other means that there is or has been a viable threat to Defendant Iversen's safety in this case. At the hearing, defense counsel conceded that, to date, they were unaware of any specific threats to Defendant Iversen. Thus, the potential threat to safety in this case is speculative and no greater than any case where an officer is involved in a civilian casualty. *See In re Terra Int'l, Inc.,* 134 F.3d 302, 306 (5th Cir. 1998) (a movant must provide particularized evidence of a compelling need that outweighs the public's common law right to disclosure). Furthermore, Defendant has not provided the court with any caselaw authority where the court considered the issue of whether to seal a use of force video such as the ones in question and decided in favor of sealing. At the hearing, defense counsel referenced *Hanzich IV v. Nacagdoches County et al*, 9:23-cv-00087 as one such case. However, in *Hanzich*, the district court issued a protective order and order to seal court records concerning security footage from the Nacogdoches County Jail because there was an agreement by the parties to enter such a protective order. *See* Doc. Nos. 23, 24. The court therefore did not consider the merits of the legal argument presented here.

4

Moreover, a review of relevant cases suggests that courts in this circuit typically favor the disclosure of these types of materials. In *Carnaby v. City of Houston*, the court considered the defendants' motion to seal certain audio recordings concerning the fatal shooting of the plaintiff by Houston police. *See Carnaby v. City of Houston*, No. CIV.A.4:08-CV-1366, 2008 WL 4546606, at *1 (S.D. Tex. Oct. 10, 2008). There, the court concluded that sealing was inappropriate because (1) the defendants had not shown that they would be adversely affected by the disclosure, and (2) the public's interest in matters of public safety outweighed the defendant's interest in freedom from a prejudicial public atmosphere. *See id.* at *1–2. Similarly, in *Winkley v. Hancock County, Mississippi*, the court considered defendant's motion to seal the dash cam video footage of the fatal shooting of the plaintiff by local sheriff's deputies. *Winkley v. Hancock Cnty., Mississippi*, No. CV 1:23-213-LG-RPM, 2023 WL 8417851, at *1 (S.D. Miss. Dec. 4, 2023). There, the court concluded that "the video footage is of significance to the public's interest in the activity of law enforcement and its use of force" and denied the motion to seal. *Id.*

Here, the public has a heightened interest in these proceedings because Defendant Iversen was acting as a public official when he shot and killed Mr. Randall. *See Carnaby*, 2008 WL 4546606, at *1–2; *Winkley*, 2023 WL 8417851, at *1. Further, the incident occurred on a residential public street and was recorded with cameras paid for by public funds and issued to Iversen for a public purpose. *Harmon v. City of Santa Clara*, 323 F.R.D. 617, 625 (N.D. Cal. 2018) ("[l]aw enforcement's use of body cameras is an issue of importance to the public generally, and to public health and safety specifically.") (alteration in original) (internal quotes and citation omitted). There is no doubt that the contents of the videos are sensitive in nature. But the mere fact that the videos are sensitive or that disclosure may alter public perception of the case generally,

5

are not, by themselves, sufficient grounds for a protective order. *See Carnaby*, 2008 WL 4546606, at *1.

As to Defendant's argument that a protective order is necessary to ensure a fair trial and to avoid tainting potential jurors, the court again finds this concern to be no more than a generalized concern that would arise in any case of this nature. Indeed, even in cases where there is media attention, courts are routinely able to select fair and impartial juries. *See Shingara v. Skiles*, 420 F.3d 301, 307 (3d Cir. 2005) ("[w]e ordinarily are confident that a district court will be able to select a fair and impartial jury in cases even where there has been pre-trial media attention to the case and we see no reason to believe that this case would present an exception to the usual case."). Defendant's assertions of potential taint to the jury pool are speculative and conclusory. In addition to Rusk County, the Eastern District of Texas pulls jurors from Anderson County, Gregg County, Henderson County, Cherokee County, Panola County, Rains County, Smith County, Wood County, and Van Zandt County. The court is confident that specific instances of juror bias can be resolved at trial as they normally would be. *See Shingara*, 420 F.3d at 307 ("[D]efendants did not present any evidence to support their argument, drawn from the information already published, that there will be difficulty selecting a jury in this case or evidence that if additional information is published there would be such difficulty.").

Last, Defendant suggests that the public's interest in access is already satisfied because the local news media have reported on the shooting and there is a publicly available report of the incident. However, Defendant offers no authority in support of this proposition. Further, the reporting the court is aware of is not fully consistent with what is shown in the video. *See Police: Rusk County Deputy Fatally Shot Unarmed Man Believing He Tried to Hide Illegal Drugs*, CBS 19 (Nov. 3, 2022, 12:41 PM), https://www.cbs19.tv/article/news/local/documents-rusk-county-

deputy-fatally-shot-unarmed-man-struggle-believing-he-tried-to-hide-illegal-drugs/501-441d0655-e489-4a31-8d50-7345b161f8df. Because a version of the events that does not fully describe what occurred during the incident in question has already been reported to the media, the public's interest in this case is enhanced.

In sum, Defendant has not provided any authority or specific evidence showing that, in the context of this case, the concerns raised here should overcome the presumption favoring disclosure. Accordingly, Defendant's motion (Doc. No. 29) is **DENIED**. The parties shall meet and confer and submit a proposed protective order, consistent with the rulings herein, to the court by **June 28, 2024.**

**So ORDERED and SIGNED this 24th day of June, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE