# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| WENDY TIPPITT, AS THE ADMINISTRATOR OF THE ESTATE OF TIMOTHY MICHAEL RANDALL; §§§§§§§§§§§§ | |
| | CIVIL ACTION NO.  6:23-CV-00515-JDK |
| **Plaintiff,** | |
| v. | |
| **SERGEANT SHANE IVERSON,** | |
| **Defendant.** | |

## ORDER

Before the court are Plaintiff's opposed motion to compel (Doc. No. 85) and Defendant's opposed motion to stay this action pending interlocutory appeal (Doc. No. 88). Because the motions are related and both concern whether this case should be stayed or continue on the court's current discovery plan and schedule, the court considers these motions in tandem herein.

## BACKGROUND

Plaintiff filed the instant action on October 20, 2023, alleging violations of 42 U.S.C. § 1983 against Defendants Sergeant Shane Iversen and Rusk County, Texas. (Doc. No. 1.) Thereafter, both Defendants brought motions to dismiss. (Doc. Nos. 4, 11.)  On February 27, 2024, Defendant Rusk County's motion to dismiss was granted and Rusk County was dismissed from this case. (Doc. No. 17.) On the same date, the court granted-in-part and denied-in-part Defendant Shane Iversen's motion to dismiss on grounds of qualified immunity. (Doc. No. 18.) Specifically, the motion was granted as to Plaintiff's claims for unlawful detention and denied as to Plaintiff's claims for unlawful arrest and excessive use of force. *Id.* Thereafter, this case proceeded into discovery and the dash camera footage of the incident in question was produced in this matter. In

1

consideration of the video footage, the court denied Defendant's motion for a protective order (Doc. No. 44) and limited discovery in this case to the issue of qualified immunity (Doc. No. 43). Thereafter, discovery on the issue of qualified immunity began. Plaintiff filed an opposed motion for leave to file an amended complaint during this time and the court ruled: (1) Plaintiff would be allowed to reassert a Fourth Amendment claim for unlawful detention due to the nature of facts first revealed during discovery, particularly by viewing the dash camera video; and (2) Plaintiff would not be granted leave to reassert a *Monell* claim against Rusk County, Texas because Plaintiff failed to diligently pursue this claim and ultimately failed again to meet the pleading requirement for a *Monell* claim against Rusk County. (Doc. No. 53.)

Defendant then moved for summary judgment on qualified immunity (Doc. No. 65) and the court denied the motion (Doc. Nos. 71, 75). Notably, Defendant's motion for summary judgment only requested qualified immunity on the unlawful arrest and excessive use of force claims, but did not address Plaintiff's unlawful detention claim related to the initial traffic stop. As the motion did not present a basis to dismiss the unlawful detention claim, the court expressly noted that it made no finding on qualified immunity as to that claim because it was not raised in the initial motion. (Doc. No. 71, at 11.) As to the other unlawful arrest and excessive use of force claims, the court has found that fact issues remain regarding whether Defendant is entitled to qualified immunity. (Doc. No. 75.) Because the court found that genuine issues of material fact exist on the issue of qualified immunity, the court did not anticipate that an interlocutory appeal would be filed in this case. *See, e.g., Benavides v. Nunez*, 144 F.4th 751, 755 (5th Cir. 2025) ("For interlocutory appeals invoking qualified immunity, this court 'lack[s] the authority to review the district court's decision that a genuine factual dispute exists ....'") (quoting *Hogan v. Cunningham*, 722 F.3d 725, 731 (5th Cir. 2013)). The court therefore held a scheduling conference and set this

matter on a schedule to proceed to trial. (Doc. Nos. 76, 83.) At no time during the scheduling conference did Defendant oppose the continuation of this action or indicate that an interlocutory appeal would be filed in this case. Nonetheless, thirteen days after the court entered a new scheduling order and discovery order in this case, Defendant filed a notice of interlocutory appeal (Doc. No. 84). From there, the current disputes arose.

## I. Plaintiff's Motion to Compel (Doc. No. 85)

On July 20, 2025, Plaintiff filed an opposed motion to compel discovery in this case. (Doc. No. 85.) Plaintiff's motion to compel states that on July 4, 2025, counsel for Plaintiff emailed defense counsel requesting to schedule dates for the depositions of Shane Iversen, Ranger Brian Hemati, Ranger Chris Baggert, Sgt. Jonathan Rhodes, Deputy Josh Green, Deputy Kurtes Lawrence, Sgt. Roy Cavazoz, Lt. Keith Finchum, Investigator Gary White and Sgt. James Whitaker. *Id.* at 3. Plaintiff alleges that defense counsel objected to scheduling these depositions on the grounds that they are not required to do so because of their interlocutory appeal. *Id.* Plaintiff contends that she will be prejudiced by further delay as discovery was already bifurcated on the issue of qualified immunity and the incident now occurred three years ago. *Id.* at 4. Therefore, Plaintiff requests that the court compel these depositions to go forward. *Id.* Defendant responds to the motion to compel by stating that the interlocutory appeal divests this court of jurisdiction. (Doc. No. 87.) Plaintiff replies that Defendant has waived a challenge to the motion to compel because he agreed to the schedule in this case and argues that Defendant has unfairly continued his own discovery while effectively barring Plaintiff's discovery in this case. (Doc. No. 89.)

## II. Defendant's Motion to Stay (Doc. No. 88)

Defendant's motion to stay pending interlocutory appeal reiterates his response to the motion to compel, arguing that the filing of the interlocutory appeal divests the court of jurisdiction

over those aspects of the case involved in the appeal. (Doc. No. 88.) Plaintiff did not file a separate response to Defendant's motion but included the same arguments in its reply brief in opposition to the stay addressing this motion therein. (Doc. No. 89.)

## DISCUSSION

The issues raised by the motions filter into the primary consideration of whether this case should be stayed pending interlocutory appeal. A notice of appeal from an interlocutory order does not entirely divest the district court of its jurisdiction; "rather, it only divests the district court of jurisdiction over those aspects of the case on appeal." *Alice L. v. Dusek*, 492 F.3d 563, 564 (5th Cir. 2007). However, any degree of divestiture "is neither automatic nor absolute," and a district court may retain its jurisdiction over the appealed portions of the case by certifying in writing that the appeal is frivolous. *BancPass, Inc. v. Highway Toll Administration, LLC*, 863 F.3d 391, 399–400 (5th Cir. 2017); *Saenz v. Flores*, No. EP-14-CV-244-PRM, 2018 WL 3603111, at *1 (W.D. Tex. June 5, 2018). A district court can certify an appeal is frivolous either at the request of a party or it can do so sua sponte. *See BancPass, Inc.*, 863 F.3d at 399–400; *Ambler v. Nissen*, No. 1:20-CV-1068-DII, 2023 WL 7002066, at *1–2 (W.D. Tex. Oct. 24, 2023).

### I. Certification of Appeal as Frivolous

Here, Plaintiff has not requested that this court certify that Defendant's appeal is frivolous. Therefore, any written finding that the appeal is frivolous would have to be undertaken sua sponte. The court finds that no such written finding is warranted in this case.

While the power to sua sponte certify an appeal as frivolous may be exercised at the discretion of the district court, it must be used with restraint. *BancPass, Inc.*, 863 F.3d at 400 (citing *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989)). It is particularly important that restraint be exercised when the issue on appeal is one of qualified immunity. *Ambler*, 2023 WL 7002066,

4

at *2. As qualified immunity is "an immunity from suit rather than a mere defense to liability[,]. . . it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Consistent with this principle, it is imperative that a district court certify appeals as frivolous only if the issue on appeal is plainly not meritorious. *Ambler*, 2023 WL 7002066, at *3.

As discussed, although the court's ruling on qualified immunity indisputably turned on the existence of a genuine issue of material fact, the court declines to certify the appeal as frivolous and exercises its restraint given the nature of the appeal being directed to the issue of qualified immunity. *Ambler*, 2023 WL 7002066, at *2; *Dunbar*, 611 F.2d at 987; *BancPass, Inc.*, 863 F.3d at 400 (citing *Apostol*, 870 F.2d at 1339). Moreover, the court does not find Plaintiff's waiver argument to merit denial of a stay.

## II. Plaintiff's Remaining Claim Not on Appeal

Further, as discussed above, at least one claim asserted in this matter is indisputably not on appeal—Plaintiff's Fourth Amendment claim regarding the alleged unlawful stop and detention. In general, the court may still proceed towards trial on matters in the case that have not been appealed. *Alice L.*, 492 F.3d at 564. However, when the issues on appeal are "inexorably intertwined" with the remainder of the case, it may still be proper to stay the entire case in the interests of procedural fairness and judicial economy. *See Trent v. Wade*, 2013 WL 121176988 (N.D. Tex. Oct. 15, 2013); *Gaalla v. Citizens Med. Ctr.*, 2011 WL 23233 (S.D. Tex. Jan. 4, 2011). The court finds that the Fourth Amendment claims asserted in this case are inexorably related such that a partial stay of the case would not be in the interests of judicial efficiency. Indeed, one concern raised by a partial stay of this case, as opposed to a stay of all discovery, is that it may lead to duplication. *See, e.g., ACF Indus., Inc. v. Guinn*, 384 F.2d 15, 19 (5th Cir. 1967) ("A stay pending

the outcome of litigation between the same parties involving the same or controlling issues is an acceptable means of avoiding unnecessary duplication of judicial machinery."). For example, if the court permits the depositions to go forward on the unlawful detention claim, then to the extent that this court's prior opinion on summary judgment is affirmed on the unlawful arrest and excessive use of force claims, those depositions would all have to be conducted for a third time. Moreover, given the overlapping nature of the facts underlying all three Fourth Amendment claims, it may be virtually impossible to conduct those depositions without getting into material that is subject to a stay.

## CONCLUSION

For these reasons, the Plaintiff's motion to compel (Doc. No. 85) is **DENIED** and Defendant's motion to stay (Doc. No. 88) is **GRANTED**. For purposes of judicial economy and in the interests of justice, the court concludes that this case should be stayed and administratively closed during the pendency of the interlocutory appeal. *See. e.g., Echolds v. Gardiner*, No. 4:11cv882, 2014 WL 199795 (S.D. Tex. Jan. 17, 2014) (staying and administratively closing case pending interlocutory appeal).

It is accordingly **ORDERED** that this cause of action is **ADMINISTRATIVELY CLOSED** for administrative and statistical purposes until such time as the interlocutory appeal in this case has been resolved. The administrative and statistical closing of the lawsuit shall not prejudice the rights of Plaintiff or Defendant to proceed with this case at such time further proceedings are practicable. It is further **ORDERED** that the only motions or documents which shall be accepted during the time the case is administratively closed shall be motions to reopen upon resolution of the appeal.

**So ORDERED and SIGNED this 4th day of September, 2025.**

                                                              JOHN D. LOVE
                                        UNITED STATES MAGISTRATE JUDGE